UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOSHUA SHIDLER, | ) |
|    PLAINTIFF, | ) ) ) |
|    vs. | ) Cause No. 4:21-cv-27 |
| S.T.A.R.S, INC., SYSTEM TROUBLESHOOTING AUTOMATION & REPAIR SERVICE, INC., THOMAS HUGHES, TRENT WILSON, and AUTUMN WILSON, | ) ) ) ) ) |
|    DEFENDANTS. | ) ) |

## AMENDED COMPLAINT

Plaintiff, Joshua Shidler ("Shidler"), brings claims against Defendants, S.T.A.R.S., Inc. ("S.T.A.R.S."), System Troubleshooting Automation & Repair Service, Inc. ("Company"), Thomas Hughes ("Hughes"), Trent Wilson ("Trent"), and Autumn Wilson ("Autumn") (collectively "Defendants") as follows:

## OVERVIEW

1. This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA") and and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IMWL"). Defendants violated the FLSA by failing to pay Shidler overtime wages required by federal and state law. Shidler pleads violations of the Indiana Minimum Wage Law of 1965 in the alternative. Shidler all alleges a violation of the Indiana Wage Payment Statute.

## PARTIES

2. Shidler is an individual who, at all relevant times, worked in or near Brookston, Indiana. He was employed by Defendants within the meaning of the FLSA during the three-year

period prior to the filing of this Complaint.  At all times hereinafter mentioned, Shidler was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).  Moreover, Shidler was an employee as defined by I.C. §22-2-2-3.

3. S.T.A.R.S. is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).  Alternatively, Shidler's work regularly involved commerce between states.  Moreover, S.T.A.R.S. is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint.  S.T.A.R.S.' business is located in Brookston, Indiana.

4. Company is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).  Alternatively, Shidler's work regularly involved commerce between states.  Moreover, Company is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint.  Company's business is located in Brookston, Indiana.

5. At all times hereinafter, S.T.A.R.S. and Company are enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1).

6. Hughes is the owner/president of S.T.A.R.S. / Company.  In this capacity Hughes is involved in the day-to-day operations of S.T.A.R.S. / Company.  Hughes has the authority to make decisions regarding wage and hour issues and establishes S.T.A.R.S' / Company's pay practices.  At all relevant times, Hughes has responsibility to act on behalf of, and in the interest of, S.T.A.R.S. / Company in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Shidler.  As a result, Hughes is an "employer" within the meaning of 29 U.S.C. § 203(d).

7. Trent is the owner/vice-president of S.T.A.R.S. / Company. In this capacity Trent is involved in the day-to-day operations of S.T.A.R.S. / Company. Trent has the authority to make decisions regarding wage and hour issues and establishes S.T.A.R.S' / Company's pay practices. At all relevant times, Trent has responsibility to act on behalf of, and in the interest of, S.T.A.R.S. / Company in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Shidler. As a result, Trent is an "employer" within the meaning of 29 U.S.C. § 203(d).

8. Autumn is the secretary of of S.T.A.R.S. / Company. In this capacity Autumn is involved in the day-to-day operations of S.T.A.R.S. / Company. Hughes has the authority to make decisions regarding wage and hour issues and establishes S.T.A.R.S' / Company's pay practices. At all relevant times, Hughes has responsibility to act on behalf of, and in the interest of, S.T.A.R.S. / Company in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Shidler. As a result, Hughes is an "employer" within the meaning of 29 U.S.C. § 203(d).

## JURISDICTION

6. This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Shidlers's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

7. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. §1391 as all the events arose in the contours of the Southern District of Indiana.

## FACTS

8. Shidler was hired by Defendants in April 2019. Shidler was a mechanic that performed hydraulic repair work.

9. Defendants paid Shilder by the hour. His pay would vary based on the number of hours he worked.

10. Defendants were involved in repairing equipment both in Indiana and when equipment was shipped in from other states. Moreover, Hughes and other employees would travel outside of the state of Indiana on occasion to inspect equipment for repairs and give quotes and/or to perform on-site hydraulic repair.

11. Trent told Shidler that he was overtime eligible but that Defendants did not have to pay overtime until and unless Shidler worked in excess of sixty (60) hours per week.

12. Defendants owe Shidler time and one half for each hour worked in excess of forty (40) hours per week that has not already been paid to him.

13. Shidler has suffered financial harm as a result of Defendants' conduct.

## LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

14  Shidler incorporates paragraphs 1 – 13 herein.

15. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the overtime wage requirements of the FLSA.

16. Shidler was not paid at least time and one-half his regular rate or half time for some or all hours he worked in excess of forty (40) hours during some or all weeks of his employment.

17. Shidler was harmed by Defendants' unlawful willful and/or reckless conduct. Moreover, Defendants' conduct intentionally or recklessly violated the mandates of the FLSA.

## COUNT II: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965

18. Shidler incorporates paragraphs 1 – 17 herein.

19. Shidler pleads his Indiana minimum wage law claims in the alternative.

20. At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing and refusing to pay Shidler at least one and one-half times his regular rate of pay for all hours he worked in excess of 40 per week.

21. Defendants' conduct is willful, reckless, or indifferent to Shidler's rights. Shidler has been harmed as a result.

## COUNT III: VIOLATIONS OF THE INDIANA WAGE PAYMENT STATUTE

22. Shidler incorporates paragraphs 1 – 21 herein.

23. Defendants failed to pay Shidler all wages he is owed. Shidler resigned his employment in January 2021.

24. Defendants violated the IWPS and withheld such payments to Shidler without a good faith or reasonable basis.

25. Shidler suffered harm as a result of Defendants' conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in his favor and award him the following relief:

a. An Order pursuant to Section 16(b) of the FLSA and/or the Indiana Minimum Wage Law finding Defendants liable for unpaid back wages due to Plaintiff in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

      b.      An order awarding Shidler all wages to which he is entitled under the Indiana Wage Payment Statute;

      c.      An order awarding Plaintiff unpaid wages and any applicable penalties under Federal and/or Indiana law;

      d.      An Order awarding Plaintiff the costs of this action;

      e.      An Order awarding Plaintiff his attorney's fees;

      f.      A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA and/or Indiana law by failing to comply with the minimum and overtime wage requirements of the FLSA and Indiana law; and

      g.      An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

          Respectfully submitted,

          /s/ Christopher S. Wolcott
          Christopher S. Wolcott (#23259-32)
          The Wolcott Law Firm LLC
          450 East 96th Street, Ste 500
          Indianapolis, IN  46240
          Tel: (317) 500-0700
          Fax: (317) 732-1196
          E-Mail:   indy2buck@hotmail.com

          Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served this September 25, 2020, by operation of the Court's Electronic Filing System, and properly addressed to the following counsel of record for Defendant:

    James St. Stephenson
    Rosemary L. Borek

    STEPHENSON MOROW & SEMLER
    jstephenson@stephlaw.com
    rborek@stephlaw.com

    Tyler Peters
    PAYNE & JONES, CHTD.
    tpeters@paynejones.com

            /s/  Christopher S. Wolcott