UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JOSHUA SHIDLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 4:21 CV 27-PPS-JEM |
| | ) |
| S.T.A.R.S. INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff, Joshua Shidler, filed a motion for default judgment against Defendants S.T.A.R.S. Inc., System Troubleshooting Automation & Repair Service, Inc., and Thomas Hughes. [DE 8.] For the reasons set forth below, the motion for default judgment is denied; however, the request to dismiss the lawsuit against Defendants Trent and Autumn Wilson is granted.

**Background**

Plaintiff was employed by Defendants S.T.A.R.S. and System Troubleshooting Automation & Repair Service, Inc., and Hughes is the owner/president of those companies. [Compl., DE 1, at 2.] Shidler filed this action under the Fair Labor Standards Act and Indiana Minimum Wage Law, seeking to obtain unpaid overtime wages.

Plaintiff filed suit on April 8, 2021. [DE 1.] Summons was issued and returned executed as to defendants S.T.A.R.S., System Troubleshooting Automation & Repair Service, Inc., and Hughes. [DE 4-2, 4-3, 4-4, 4-7.] However, the other two defendants,

Trent Wilson and Autumn Wilson, were never properly served. [DE 4-7; DE 7 at 1-2.]

On July 14, 2021, Plaintiff requested the Clerk enter default against just the three defendants who had been properly served (S.T.A.R.S., System Troubleshooting Automation & Repair Service, Inc., and Hughes), but the Clerk inadvertently entered default as to all five defendants.  [DE 4, 5.]

Plaintiff filed a motion for default judgment on February 15, 2022, only as to the three defendants that were properly served. [DE 8.] These defendants have not filed an appearance, answer to the complaint, or any response to the motion for default judgment.  In the same motion, Plaintiff also seeks to dismiss his suit against Defendants Trent and Autumn Wilson, without prejudice.[1] [DE 8 at 3.]

## Discussion

Federal Rule of Civil Procedure 55(a) governs the entry of default and default judgment.  When a defendant fails to answer a complaint or otherwise defend himself, the clerk can make an entry of default.  Fed. R. Civ. P. 55(a).  "Entry of default must precede an entry of default judgment."  *Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F.Supp.2d 933, 941 (N.D. Ind. 2005).  In this case, default has been entered against Defendants by the Clerk (although, as noted before, the entry of default as to Trent and Autumn Wilson was inappropriate).

Once the default has been established, Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment.  So long as the

---

[1] This is procedurally improper.  Shidler failed to file a separate motion to dismiss these defendants, as required by N.D. Local Rule 7-1.  However, for the sake of efficiency, I will address both of the motions in this order.

allegations are well-pled, a default judgment generally "establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quotation omitted); *see also e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

When a party applies for default judgment under Rule 55(b)(2), I am required to exercise sound judicial discretion in determining whether the judgment should be entered. *Wolf Lake Terminals*, 433 F.Supp.2d at 941. I must consider a number of factors when deciding a motion for default judgment, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Wolf Lake Terminals*, 433 F.Supp.2d at 941; *see* Wright & Miller 10A FEDERAL PRAC. & PROC. § 2683 (3d ed.). All well-pleaded facts are taken as true for purposes of liability. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Cameron v. Myers*, 569 F.Supp.2d 762, 764 (N.D. Ind. 2008). Thus if the complaint establishes the requisite elements of liability on a claim, a plaintiff is entitled to relief for that claim. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

Nevertheless, an entry of default judgment is only appropriate if the allegations, along with other evidence submitted, establish a cognizable claim for relief. *Franko v. All About Travel Inc.*, No. 2:09-CV-233 JVB, 2014 WL 2803987, at *1 (N.D. Ind. June 19, 2014) ("Default judgment is appropriate only if the well-pleaded allegations of the

3

complaint are sufficient to establish a legal claim."). "Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d at 793. In other words, I still have to decide whether damages are appropriate, and in what amount.

This is where Shidler's motion completely fails. In the context of a default judgment, the amount of damages must be proven with facts beyond the allegations of the complaint. *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). Plaintiff has failed to provide this information, and has put forth no evidence of the amount of overtime pay he is owed.

Shidler claims he does not have all of his pay records to calculate the amount of money Defendants owe him, and he requests judgment against the three defendants so that he may then move for a proceeding supplemental to conduct discovery and determine how much money he is owed. [DE 8 at 3.] But this puts the cart before the horse. Shidler must first prove, by affidavit or otherwise, the amount of damages he is entitled to be paid by Defendants before I grant default judgment. *See, e.g., McCarthy v. Fuller*, No. 1:08-cv-944-WTL-DML, 2009 WL 3617740, at *1 (S.D. Ind. Oct. 29, 2009) (reasoning the "damages determination would have had to come prior to the entry of default judgment; the Court could not, as the Plaintiffs' proposed order contemplated, have entered final judgment on all of the Plaintiffs' claims first and figured out the amount of that judgment later.").

**ACCORDINGLY:**

4

Plaintiff's Motion for Default Judgment against Defendants S.T.A.R.S. Inc., System Troubleshooting Automation & Repair Service, Inc., and Thomas Hughes [DE 8] is DENIED.

The Clerk's Entry of Default [DE 5] is VACATED only as to Defendants Trent Wilson and Autumn Wilson.

Plaintiff's request that the Court dismiss this suit against Defendants Trent and Autumn Wilson [DE 8 at 3] is GRANTED and Defendants Trent and Autumn Wilson are DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

ENTERED: May 16, 2022

                                               s/ Philip P. Simon
                                               PHILIP P. SIMON, JUDGE
                                               UNITED STATES DISTRICT COURT